**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SAUL JACINTO-DIAZ, | No. 08-73435 |
| Petitioner, | Agency No. A200-113-461 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH,  Circuit Judges.

Saul Jacinto-Diaz, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject Jacinto-Diaz's claim that he is eligible for asylum and withholding of removal based on his anti-gang political opinion or membership in a particular social group. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 860-62 (9th Cir. 2009) (concluding that young Salvadoran men who are recruited by gangs and refuse to join is not a social group, and refusal to join gangs is not a political opinion); *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). To the extent petitioner contends he is a member of a particular social group distinct from that considered and rejected by the agency, we lack jurisdiction to consider the contention because he did not exhaust it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Accordingly, because Jacinto-Diaz failed to demonstrate that he was persecuted or fears future persecution on account of a protected ground, we deny the petition as to his asylum

and withholding of removal claims.  *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

Substantial evidence supports the denial of CAT relief because Jacinto-Diaz failed to establish it is more likely than not he will be tortured by or with the acquiescence of the Guatemalan government.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**